12 *George S. Black, plaintiff in error, vs. John Scanlon, defendant in error.

(Atlanta, January Term, 1873.)

1. **Attachment—Sufficiency of Affidavit.***—An affidavit made by the plaintiff in attachment that the debtor "is indebted to deponent to the best of deponent's belief in the sum of $1,000 00, and that said .... resides without the limits of the State," is not "a substantial compliance in all matters of form" required by the attachment laws of this State, and is fatally defective.

2. **Same—Same—Motion to Dismiss.†**—A motion to dismiss an attachment founded on such an affidavit may be made whenever the case is called for trial.

Attachment. Practice. Before Judge HARVEY. Floyd Superior Court. July Adjourned Term, 1872.

Black sued out an attachment against Scanlon, returnable to the July term, 1870, of Floyd Superior Court. The affidavit was as follows:

"GEORGIA—FLOYD COUNTY.

("Nine hundred and nineteenth District, Georgia Militia.)

"George S. Black comes before the undersigned, and on oath saith that John Scanlon is indebted to deponent, to the best of deponent's belief, in the sum of $1,000 00. And that the said ........ resides without the limits of this State.

(Signed) "GEORGE S. BLACK."

"Sworn to and subscribed before me, this 31st day of December, 1869.

(Signed) "THOMAS J. PERRY, J. P."

At the July adjourned term, 1872, a motion was made to dismiss the attachment on the ground that the affidavit was defective. The motion was sustained and plaintiff excepted upon the following grounds, to-wit:

---

*Attachment—Sufficiency of Affidavit.—See the principal case cited in Ency. Dig. Ga. Rep., vol. 1, p. 684.

†Same—Same—Motion to Dismiss.—For the ruling in the 2d headnote the principal case is cited in Bruce v. Conyers, 54 Ga. 679. See the principal case cited also in Ency. Dig. Ga. Rep., vol. 1, p. 720.

1st. Because the affidavit was sufficient.

2d. Because the motion came too late, even if the exception to the affidavit was good.

W. B. Terhune, represented by Printup & Fouche, for plaintiff in error.

Alexander & Wright, for defendant.

13          *Trippe, Judge.

1. The affidavit upon which the attachment was issued was fatally defective. Section 3200 of the Code, requires the party seeking the attachment to make an affidavit "that the debtor has placed himself in some one of the positions enumerated in this Code, and, also, of the amount of the debt claimed to be due."

In *Lockett vs. Usry,* 28 *Georgia,* 345, which was a proceeding to dispossess a tenant holding over, the defendant filed a counter-affidavit, stating that he was "not the tenant of said Usry, and does not hold the premises either by lease or rent from......nor any other person holding under him by lease or rent." It was held that the defect by leaving the blank in the affidavit was fatal. This case is very similar to that. "An affidavit which is the foundation of a legal proceeding cannot be amended except expressly provided for by law:" Code, section, 3453. The reasoning in the case of *Lockett vs. Usry* applies to this.

2. If the affidavit be thus defective and not amendable, a motion to dismiss would be in order at any time. In this case the time between the issuing the attachment and the making the motion was not as great by a year or two as it was in the case of *Lockett vs. Usry* from the date of the warrant to the dismissal. If there be such a defect in a process as to make it void, time does not cure it.

Judgment affirmed.